UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | | |
|---|---|---|
| TIMOTHY MILLER, | | |
| | Plaintiff, | DECISION AND ORDER |
| -vs- | | |
| | | 18-CV-6331 CJS |
| VOLODYMYR VANZYAK, DOCTOR MAGDALENAO SZKARASKA-IMIOLEK, | | |
| | Defendants. | |

_____

| | | |
|---|---|---|
| TIMOTHY MILLER, | | |
| | Plaintiff, | DECISION AND ORDER |
| -vs- | | |
| | | 18-CV-6376 CJS |
| EVELYN BRANDON, KATHLEEN CROWLEY, | | |
| | Defendants. | |

_____

| | | |
|---|---|---|
| TIMOTHY L. MILLER, | | |
| | Plaintiff, | DECISION AND ORDER |
| -vs- | | |
| | | 18-CV-6465 CJS |
| DOCTOR MAGDALENA SZKLARSKA IMIO, | | |
| | Defendant. | |

_____

INTRODUCTION

Now before the Court are Plaintiff's applications for leave to proceed *in forma pauperis* in the above-captioned actions. The applications are granted, and the actions are dismissed.

BACKGROUND

The above-captioned actions are the latest in a series of approximately a dozen lawsuits recently filed by the Plaintiff, who clearly appears to be suffering from paranoid delusions. An underlying theme in Plaintiff's lawsuits is his belief that people think he is a pedophile. Plaintiff's papers frequently contain references to odd incidents -- that have occurred near his apartment building, at a Kohl's Department Store, or outside the "Shop n

Smart" convenience store -- in which Plaintiff feels that people were testing him to see whether he is attracted to children.  Plaintiff frequently demands that the defendants in his lawsuits be jailed or forced to take lie detector tests.

On September 21, 2017, the Court dismissed one of Plaintiff's lawsuits, *Miller v. City of Rochester*, 17-CV-6578 CJS, pursuant to 28 U.S.C. § 1915(a)(2).  In that action, Plaintiff alleged that the Mayor of Rochester was conspiring with a majority of the citizens or Rochester to spread rumors about him.  Also in that action, Plaintiff expressed the belief that random children were acting in sexually provocative ways toward him, as part of the larger conspiracy.

On September 26, 2017, the Court dismissed another one of Plaintiff's lawsuits, *Miller v. 439 South Avenue, et. al.*, 17-CV-6666 CJS, pursuant to 28 U.S.C. § 1915(a)(2).  In that action, Plaintiff again referenced "discrimination" that was being orchestrated "within the City of Rochester NY Monroe County coming from Managers [and] Supervisors."  Primarily, though, Plaintiff alleged that random children and teenagers were acting in sexually provocative ways toward him, and that tenants in his apartment building, as well as employees of a nearby convenience store, were spreading rumors about him being a pedophile.  The Complaint alleged that the Defendants had violated the 5th, 6th, 13th and 14th Amendments, by preventing Plaintiff from "entering and exiting stores without being ridiculed."  When asked to state the "nature of suit," Plaintiff wrote:  "Defamation of character. Foreigners are advertising that Plaintiff is a pedophile to citizens."  The Complaint demanded money damages, and requested that the defendants be jailed ("I DEMAND LIFE IN PRISON FOR CALAMITY AGAINST THESE INDIVIDUALS."), deported and forced to take polygraph tests.  The Court dismissed that action, pursuant to 28 U.S.C. § 1915(a)(2).

On October 26, 2017, the Court dismissed another one of Plaintiff's actions  (*Miller v. Gladstone*, 17-CV-6599 CJS) pursuant to 28 U.S.C. § 1915(a)(2).  In that action, Plaintiff alleged that employees of the apartment building in which he lived were conspiring with random citizens to discriminate against him by attempting to see if he was a pedophile. *See, e.g.*, 17-CV-6599, Complaint, Docket No. [#1] at p. 6 ("Sexual harassment is exactly what the landlord was doing because she has no business looking to see if I like kids.").

Also on October 26, 2017, the Court dismissed another one of Plaintiff's actions, (*Miller v. Lightfoot*, 17-CV-6667 CJS) pursuant to 28 U.S.C. § 1915(a)(2).  In that action, Plaintiff first alleged that he had received a bad haircut from an individual who had smoked marijuana, and then alleged that he was again being conspired against, and ridiculed by, random citizens who suspect him of being a pedophile.  Plaintiff had demanded that this Court place the persons ridiculing him in prison for life, and he further noted that he had intentionally spelled their names"with no capital letters because the calamity they imposed upon [him was] childish."

On May 17, 2018, the Court dismissed another one of Plaintiff's actions (Miller v. Day, 18-CV-6344) pursuant to 28 U.S.C. § 1915(a)(2).  In that action, Plaintiff alleged that Julia B. Day, of the "Monroe Division [of the New York State Division of] Human Rights," along with her employees responsible for investigating discrimination complaints, violated his rights under the 14th Amendment, by "incompetently" investigating his complaints.  Plaintiff indicated that he had made over forty complaints of harassment to the Division for Human Rights that were similar to the complaints that he has filed in this Court.  According to Plaintiff, the Division  for Human Rights had improperly concluded that his "complaints [were] improbable without doing a complete investigation." *See*, Complaint [#1] at p. 6 ("I filed over 42 discrimination complaints while all were dismissed without being investigated thoroughly.").

Plaintiff's Complaint alluded to requests that he made to the Division of Human Rights, for "camera surveillance," and to be provided with "arrest records." *See, id.* ("Plaintiff requested camera surveillance due to unlawful discriminatory acts that had become so severe in [sic] pervasive that it started changing the perception of how citizens and non-citizens view as a person [sic] within Rochester N.Y."). The Complaint also included references to the aforementioned incidents at Kohl's and the "Shop n Smart." As for relief, Plaintiff demanded "a wealthy settlement," and that Defendants be required to take "a lie detector test because a lot of suspects discriminated against [him]." The Court dismissed the action, as the claims were "clearly delusional."

The above-captioned actions are somewhat different, in that it now seems Plaintiff is obtaining mental health treatment at the urging of family members. However, Plaintiff contends that his treatment providers are violating his constitutional rights. In case number 18-CV-6331, Plaintiff alludes to the fact that he was hospitalized for nine days for mental treatment. The Complaint indicates that Plaintiff's sister told doctors that he needed to be "locked up" because he was "delusional." The Complaint purports to assert constitutional claims against the doctors who treated him, apparently because they prescribed medication and did not believe that his claims of discrimination and harassment were accurate. ("Nowadays I am prescribe[d] pills that I ha[ve] to take in order to maintain in society."). This Complaint is interesting because it includes an untrue allegation concerning a statement allegedly made by the Undersigned: "I was told by Federal District Judge Siragusa that my relief of Mayor Lovely Ann Warren in dates times and places would be investigated." [sic] For relief, the pleading demands a "big settlement of money, due to [having been] force[d] to take pills[.]" Plaintiff also volunteers to take a "lie detector test."

In case number 18-CV-6376, Plaintiff is attempting to sue his mental health therapist,

"because she stated that [he] is suffering from a delusional disorder."  Plaintiff claims that the therapist's statements were used as proof that he was unable to return to work, and therefore violated his constitutional rights.  Plaintiff demands that the defendants "be fired for falsely accusing [him] of being disabled."

In case number 18-CV-6465, Plaintiff attempts to sue one of the doctors who is also named as a defendant in 18-CV-6331.  The Complaint indicates that the defendant doctor diagnosed Plaintiff with "delusional schizophrenia" and bipolar disorder (manic episode with psychotic features),  refused to believe his claims of harassment, and prescribed him medication that caused unpleasant side effects, such as reducing his sex drive.  Plaintiff demands that he receive a large monetary settlement and that the "doctor [be] stripped of [her] license."

DISCUSSION

General Principles

"The determination of whether an *in forma pauperis* plaintiff should be permitted to proceed under 28 U.S.C. § 1915 involves two separate considerations. The Court must first determine whether the plaintiff may proceed with the action without prepaying the filing fee in full. *See* 28 U.S.C. § 1915(a)[.]  Second, section 1915 provides that 'the court shall dismiss the case at any time if the court determines that' the case 'is frivolous or malicious' or 'fails to state a claim on which relief may be granted[.]' 28 U.S.C. § 1915(e)(2)(B)(i),(ii)."
*Pace v. Waterbury Police Dep't*, No. 3:17CV00426(DJS), 2017 WL 1362683, at *1 (D. Conn. Apr. 12, 2017).   "An action is 'frivolous' for § 1915(e) purposes if it has no arguable basis in law or fact." *Montero v. Travis*, 171 F.3d 757, 759 (2d Cir. 1999).

The Subject Applications

Here, based upon Plaintiff's sworn motions to proceed *in forma pauperis*, the Court determines that he is indigent, and therefore unable to pay the filing fee.  Accordingly, the Court grants the applications for leave to proceed *in forma pauperis*.

Next, as noted earlier, under 28 U.S.C. § 1915(e)(2), the Court must conduct an initial screening of Plaintiff's complaints, to determine whether they are "frivolous or malicious; fail[ ] to state a claim upon which relief may be granted; or seek[ ] monetary relief from a defendant who is immune from such relief." *See*, 28 U.S.C. § 1915(e)(2).  Having done so,[1] the Court concludes that the complaints must be dismissed, because they are attempting to assert claims that have no basis in law. *See, Igarashi v. Skulls & Bones*, 438 F. App'x 58 (2d Cir. Oct. 17, 2011) ("Even a well-pleaded complaint may be dismissed as factually frivolous if the sufficiently well-pleaded facts are clearly baseless—that is, if they are fanciful, fantastic, or delusional.") (*quoting Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir.2011) (internal quotation marks omitted).  If anything, the purported claims may allege medical malpractice.  However, even if the factual allegations are true, they do not state federal claims. *See, e.g., Dixon v. East Elmhurst Hosp.*, 2015 WL 6760376 at *2 (E.D.N.Y. Nov. 5, 2015) (Dismissing § 1983 claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), finding that plaintiff, who was attempting to sue private mental health providers for mis-prescribing medication while he was in psychiatric ward, "ha[d] not alleged a violation of some constitutional right.").

Even where a *pro se* Plaintiff's pleading fails to state a claim and therefore warrants dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court should ordinarily allow at least one opportunity to amend. *See, Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795–96 (2d Cir.

___

[1]Because Plaintiff is proceeding *pro se*, the Court has construed his submissions liberally, to raise the strongest arguments that they suggest.

1999) ("[T]he court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated. . . . [A] *pro se* plaintiff who is proceeding *in forma pauperis* should be afforded the same opportunity as a *pro se* fee-paid plaintiff to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.") (citation omitted).  Here, however, there would be no point in allowing an opportunity to amend, since the complaints' averments cannot possibly be re-packaged to state actionable claims.

CONCLUSION

Plaintiff's applications for leave to proceed  in forma pauperis in each of the three above-captioned actions are  granted, and the actions are dismissed with prejudice.  The Clerk of the Court is directed to close the actions.  The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:        Rochester, New York
              July 17, 2018

ENTER:


/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge

7